IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTERRICK LUCAS, #257 613, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-820-WKW |
| | ) | [WO] |
| NURSE GUICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Arterrick Lucas's *pro se* motion to reinstate his civil complaint (Doc. # 20) pursuant to Federal Rule of Civil Procedure 60(b). It is due to be denied.

Plaintiff's case was dismissed without prejudice on February 22, 2019, for Plaintiff's failure to prosecute. (Doc. # 11.) While Plaintiff does not explicitly specify which subsection of Rule 60(b) he believes applies to him, he cites a Third Circuit case involving a claim under Rule 60(b)(1). (Doc. # 20, at 2 (citing *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 806 (3d Cir. 1986).) Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." A motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Unfortunately for Plaintiff, a

motion under Rule 60(b)(1) is roughly six weeks too late. Over a year has passed since the court issued the order and final judgment dismissing this case. (Docs. # 11, 12.)

The time limitation of Rule 60(b)(6) offers more flexibility, but even if its timeliness is assumed, Plaintiff's motion fails under this subsection as well. "Relief under Rule 60(b)(6) . . . 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" *Horton v. Hand*, 785 F. App'x 704, 706 (11th Cir. 2019) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

Plaintiff alleges that at some point after he sent his initial filing fee, which was sent from Bullock County Correctional Facility ("Bullock") on December 6, 2018 (Doc. # 6), he was transferred to Fountain Correctional Facility. (Doc. # 20, at 1.) Plaintiff alleges that, prior to his transfer, he mailed a notice of change of address from Bullock and that the Bullock mail clerk at the time threw inmate mail, including his notice, in the trash. (Doc. # 20, at 1–2.) But he fails to identify the date of the transfer. The omission is critical. There is nothing in the record from which it can be inferred that his transfer occurred prior to February 22, 2019, the entry date of the order and final judgment in this case. The court's electronic docketing system reflects that all orders, the Recommendation, and the final judgment were mailed to Plaintiff at Bullock and were not returned to the court. Additionally, with one

exception, Bullock deducted the partial filing fees from Plaintiff's prison account at that facility and forwarded the money to the court. Bullock's last payment occurred on August 6, 2019, months after the action was closed. If Plaintiff's transfer occurred after the entry of final judgment in this action, the Bullock prison staff's alleged malicious action of discarding his notice of change of address would not excuse his failure to comply with the earlier orders of the court.

Additionally, Plaintiff's declaration (Doc. # 20-1) does not help him carry his burden. He declares that "it was discovered that the mail clerk was throwing inmate[']s mail in the trash," but he does not allege personal knowledge of the clerk's misdeeds. Further, any connection between the clerk's misdeeds and his missing notice is speculative. Ultimately, Plaintiff has not proven exceptional circumstances.

Based upon the foregoing, it is ORDERED that the *pro se* motion to reinstate Plaintiff's civil complaint (Doc. # 20) is DENIED.

DONE this 25th day of June, 2020.

            /s/ W. Keith Watkins
         UNITED STATES DISTRICT JUDGE